PAULINE NEWMAN, Circuit Judge,
dissenting.
The Court of Federal Claims did not abuse its discretion in entering partial final judgment pursuant to RCFC 54(b).[1] It is inappropriate for this court to reject that action absent clear abuse of judicial discretion.
This is not a certified interlocutory appeal, but a final judgment, entered upon reasoned determination by the Court of Federal Claims that the issue here appealed was severable from the remaining issues relating to these tax years. Such a decision is consigned to the district court’s discretion and, as in this case, depends on the nature of the issues.
There may well be circumstances in which it would be so clearly inappropriate to separate issues, whether in a tax case or any other, that we would deem it an abuse of the trial court’s discretion to have entered partial final judgment under Rule 54(b). However, this court does not so find in this case, but instead enters a blanket rule that there can never be partial final judgment in a tax case. Precedent does not so require, and I can discern no overall benefit to removing the discretion of the Court of Federal Claims in tax cases.
The claim for which final judgment was entered has been fully litigated, now over a year ago. The other claims await disposition. The Court of Federal Claims determined that there is no need for further delay, a determination within the court’s discretion. No clear error of fact or law has been point *569 ed to by the government. It is inappropriate, absent a showing of abuse of the trial judge’s discretion, for this court to overturn that court’s action.
Today’s order is far-reaching, for it does not depend on the facts of this or any particular ease. The Federal Circuit now holds that there shall never be a partial final judgment on a completely litigated and self-contained tax claim, when there remain other, undecided claims for that tax year. It is contrary to the fundamental liberating purposes of Rule 54(b) to take so rigorous a position for any specific body of law. The history of Rule 54(b) shows the public purpose of relaxation of the common law’s “unitary principle,” see Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956) (summarizing history), in order to provide flexibility to courts and to serve the needs of litigants. This flexibility was achieved by committing to the sound discretion of the district court the determination of when such a partial final judgment may be entered. As the Court described it:
To meet the demonstrated need for flexibility, the District Court is used as a “dispatcher.” It is permitted to determine, in the first instance, the appropriate time when each “final decision” upon “one or more but less than all” of the claims in a multiple claims action is ready for appeal. This arrangement already has lent welcome certainty to the appellate procedure. Its “negative effect” has met with uniform approval. The effect so referred to is the rule’s specific requirement that for “one or more but less than all” multiple claims to become appealable, the District Court must make both “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment.”
Sears, 351 U.S. at 435-36, 76 S.Ct. at 899-900.
In the field of tax litigation, there are indeed considerations peculiar to the unitary nature of the annual tax. However, precedent does not bar the application of Rule 54(b) when the circumstances warrant. The government argues that Rule 54(b) will permit a taxpayer to move to another court some of its tax claims for the same year, or engage in other ingenious and unlikely procedures; indeed, I marvel at the creative horrors that are foretold should Rule 54(b) be permitted to play its standard role. The government appears to confuse the matter of judicial power to enter partial final judgment, a power not within our authority to eliminate, and the trial court’s exercise of discretion. As the court explained in Olympia Hotels Corp. v. Johnson Wax Dev. Corp., 908 F.2d 1363 (7th Cir.1990):
If the claims are legally distinct and involve at least some separate facts, the district court has the power to enter a Rule 54(b) judgment, and it becomes a matter of the district judge’s discretion, reviewable for but only for abuse thereof, whether to exercise the power and enter such a judgment.
908 F.2d at 1368.
This court’s precedent fully supports the availability of Rule 54(b) in tax cases as in other cases. See American Broadcasting Co. v. United States, 851 F.2d 329 (Fed.Cir. 1988) (the Rule 54(b) judgment related to investment tax credits for third-party films, while credits for in-house films were not yet decided). Although the Court of Federal Claims itself has not been entirely consistent, the Federal Circuit heretofore recognized the role of Rule 54(b) in facilitating the litigation process. See W.L. Gore & Assocs., Inc. v. Int’l Medical Prosthetics Research Assocs., Inc., 975 F.2d 858, 864 (Fed.Cir.1992) (“the factual relatedness of separate claims for relief is one of the factors a district court considers in deciding whether to exercise its discretion to certify an appeal”).
The Court of Federal Claims found that there is no factual connection between the counts that were the subject of the Rule 54(b) judgment and the remaining counts, and no commonality of legal theory. Indeed, the government does not charge that there was an abuse of judicial discretion in the holding of the Court of Federal Claims that there is no just reason for delay. This discretionary ruling is in the primary hands of the trial judge; there is no basis for our eliminating this discretion in tax eases in the *570 Court of Federal Claims. Thus, respectfully, I dissent.

. Ride 54(b) of the Court of Federal Claims tracks Rule 54(b) of the Federal Rules, whose precedent is here applied.